O

# United States District Court
# Central District of California

FARSTONE TECHNOLOGY, INC.,

    Plaintiff,

  v.

APPLE INC.,

    Defendant.

APPLE INC.,

    Counterclaimant,

 v.

FARSTONE TECHNOLOGY, INC.,

    Counterdefendant.

Case No. 8:13-cv-01537-ODW(JEMx)

**ORDER RESOLVING
PROTECTIVE-ORDER DISPUTE
UNDER LOCAL RULE 37-2.1 [19]**

On September 30, 2013, Plaintiff FarStone Technology, Inc. filed this action against Defendant Apple, Inc. alleging that Apple infringed one or more claims of FarStone's United States Patent No. 7,120,835. (ECF No. 1.) The '835 Patent is titled "Computer Equipment Having a Prompt Access Function and Related Method," which generally deals with computer backups. (*Id.* Ex. A.)

On June 6, 2014, the parties filed a Joint Motion Pursuant to Local Rule 37-2.1 to Enter Proposed Protective Order and Resolve Remaining Disputes. (ECF No. 19.) The parties indicate that they have agreed on the majority of the proposed protective

order's terms but disagree on two subparagraphs relating to the production and use of source code.  The Court set a briefing schedule on the Joint Motion, and each side submitted supplemental briefing.  (ECF Nos. 22, 23.)

**A.     Limitations on source-code printing**

The parties' first dispute revolves around source-code printing limitations contained in section 11(c)(v) of their proposed protective order.  Section 11 governs the disclosure and review of Apple's source code.  The parties agree on many standard provisions, such as Apple providing FarStone with a source-code review room without Internet or other outside access.

Subparagraph (v) provides that FarStone may not remove source-code copies unless otherwise provided.  The parties generally agree that FarStone will have the ability to print some portion of the source code, and they also agree that FarStone may not use the printing method to review source code in the first instance.  But their positions diverge on the limitations that should apply to source-code printing.

FarStone proposes the following language:

The Receiving Party may request for production limited portions of the Source Code that are reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report) or for use at depositions or trial.  The Receiving Party shall not request for production Source Code in order to review blocks of Source Code outside the Source Code Review Room in the first instance.

(ECF No. 19, at 2.)

On the other hand, Apple suggests this language:

The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report) or to be used as deposition and/or trial exhibits in connection with the testimony of Apple's 30(b)(6) witnesses regarding the source code or Apple's software engineers and

employees responsible for or involved in the creation of the Source Code. Any printed portion that consists of more than thirty (30) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out no more than 250 pages total or 10% of the source code, whichever is greater.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).

(*Id.*)

The parties' positions differ in three main respects.  First, FarStone proposes that it should be able to print that amount of source code that is "reasonably necessary" to prepare court filings and pleadings, whereas Apple contends that the printing must be "necessary" for those purposes.  Second, Apple wishes to establish a threshold—30 pages—at which the source-code printing will be presumed to be excessive.  Finally, Apple wishes to cap printing at the greater of 250 pages or 10 percent of the source code.  FarStone disagrees that either of the latter two provisions should be included in the protective order.

In its supplemental briefing, FarStone points out that the "reasonably necessary" language tracks the Northern District of California's Patent Local Rule 2-2 Model Protective Order.  It also argues that the provision stating that FarStone may not use source-printing to review code in the first instance expressly precludes FarStone from engaging in the excessive printing Apple is concerned about.

1    Apple asserts that it only wants to define what "reasonable" means and that
2  FarStone can print additional pages so long as it demonstrates that such printing is
3  "necessary."   Apple also argues that limiting printing will mitigate the potential for
4  inadvertent loss of its source code.

5    The Court understands both parties' positions.  FarStone needs to review the
6  source code in order to establish its case, and Apple needs to protect its extremely
7  valuable source code from excessive or inadvertent disclosure.  Unfortunately, these
8  interests are at loggerheads with each other.

9    The Court finds that Apple's position is unduly restrictive.  It is unclear how
10  FarStone would prove that particular source-code printing is "necessary" to prepare its
11  case.  Plaintiff will likely not know until a later day which source code it intends to
12  use to establish its patent-infringement allegations.  So consistent with the general
13  scope of discovery, FarStone will want to sweep broader with its source-code
14  collection, obtaining a printed copy of that portion of the code that is "reasonably
15  necessary" for preparing court submissions.  This standard also has a solid foundation
16  in the Northern District of California's Model Protective Order.  *See* U.S. Dist. Ct.
17  N.D. Cal., Patent Local Rule 2-2 Interim Model Protective Order 13 ("The Receiving
18  Party may request paper copies of limited portions of source code that are reasonably
19  necessary for the preparation of court filings, pleadings, expert reports, or other
20  papers, or for deposition or trial, but shall not request paper copies for the purpose of
21  reviewing the source code other than electronically as set forth in paragraph (c) in the
22  first instance.").  The parties also both recognize that if FarStone were to engage in
23  conduct designed to obtain excessive amounts of source code, the Court possesses a
24  panoply of sanctions to deal with those actions—not to mention that Apple can
25  challenge the request prior to disclosure.

26    Neither does the Court find numerical limitations reasonable.  The 30-page
27  threshold for the presumption of excessiveness to apply, as well as the 250-page or
28  10-percent printing limits, all appear to be arbitrary.  Apple has not indicated that

these numbers bear any actual relationship to the total source code available.  The Court declines to follow the cases Apple cited where district courts have applied distinct page limitations.  The "reasonably necessary" standard, while of course amorphous by its very nature, at least provides some guide—and limit—on FarStone's printing.  If, for example, 250 pages should really be the limit on source-code printing once the parties know the full extent of the source code at issue, then the Court can impose that limit at a later date after being more informed about the relevant facts.

The Court therefore approves FarStone's source-code printing provision in its entirety.

**B.     Use of source code for depositions**

The parties next dispute the use of source code at deposition, including whether FarStone's outside counsel may bring a work copy of the portion of the source code that it printed out and whether Apple must bring the entire source code to the deposition.  Apple agreed to accept FarStone's position if the Court followed Apple's position with respect to subparagraph (v).  But since the Court did not do so, this issue remains live.

FarStone proposes this language:

> For depositions, the Receiving Party shall not bring copies of any printed Source Code, except as provided in this paragraph.  Rather, at least four (4) days before the date of the deposition, the Receiving Party shall notify the Producing Party that the Receiving Party intends to use Source Code as an exhibit at the deposition, in which case the Producing Party shall bring the entire Source Code Production to the deposition.  The Receiving Party's outside counsel is entitled to bring to the deposition one work copy of the exhibit, which shall be kept in outside counsel's possession at all times.

(ECF No. 19, at 5.)

/ / /

But Apple offers a different approach:

> For depositions, the Receiving Party shall not bring copies of any printed Source Code, except as provided in this paragraph. Rather, at least four (4) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.

(*Id.* at 5–6.)

FarStone argues that it cannot necessarily know in advance which portions of the source code it will need at a particular deposition considering that a deponent might veer off into a different area that FarStone did not previously expect. FarStone also contends that having to identify source code in advance would impinge upon its preparation and work product. Moreover, Plaintiff asserts that it is unreasonable to be expected to conduct a technical deposition without being able to use a work copy of the printed source code.

But Apple argues that under either position, FarStone will be at least entitled to have a copy of the printed source-code production at the deposition, and nothing stops FarStone from creating a deposition outline. Apple reiterates its concerns that FarStone's outside counsel could inadvertently lose the printed source code en route to the deposition, which would result in significant harm to Apple. Defendant would rather rely on its ability to safely transport the source code.

While the parties offer divergent solutions, the Court sees a middle ground. FarStone should be able to bring a work copy of the printed source-code production to a deposition and have Apple bring the entire source code in its possession—not just previously designated portions. But Apple should also be able to ensure the integrity of its source code. Apple referenced in its Joint Motion position that FarStone has suggested deposing experts at one of the counsel's respective offices to obviate the

need for both parties to travel with source code.  But Apple did not believe that was a viable option considering that the parties had not yet designated experts.  The Court does not see why the parties could not potentially have their experts travel to a particular office—at least if Apple wants to preclude unnecessary source-code travel.

The Court therefore adopts FarStone's position in full.  But the Court will add an additional provision allowing Apple to opt for a deposition involving source code to occur only at a particular office, which would eliminate the need for FarStone to travel with its copy of the source-code production.  Apple should pay for any additional travel expenses necessitated by this decision, though.  Section 11(c)(xi) will thus read as follows:

> For depositions, the Receiving Party shall not bring copies of any printed Source Code, except as provided in this paragraph.  Rather, at least four (4) days before the date of the deposition, the Receiving Party shall notify the Producing Party that the Receiving Party intends to use Source Code as an exhibit at the deposition, in which case the Producing Party shall bring the entire Source Code Production to the deposition.  The Receiving Party's outside counsel is entitled to bring to the deposition one work copy of the exhibit, which shall be kept in outside counsel's possession at all times.  *Notwithstanding the foregoing, Apple may decide in its sole discretion that a deposition involving Source Code occur at the Receiving Party or Outside Counsel's office.  In that situation, Apple shall notify the Receiving Party not later than five (5) calendar days after service of notice of the deposition, but in no event more than four (4) days before the noticed deposition, that it is invoking this provision and at which office the deposition will occur.  Apple will then be responsible for reasonable travel and lodging expenses incurred by the deponent in traveling to the deposition location.  This section shall not be construed as a travel restriction in any other circumstance.*

1   (The Court's additions appear in italics.)

2          The Court will incorporate this language and FarStone's proposal with respect

3   to paragraph 11(c)(v) and issue a final version of the Protective Order.  The Court thus

4   resolves the parties' Joint Motion under Local Rule 37-2.1.  (ECF No. 19.)

5          **IT IS SO ORDERED.**

6

7          June 24, 2014

8

9          _____

10                  **OTIS D. WRIGHT, II**
              **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28