1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FARSTONE TECHNOLOGY, INC., | Case No. 8:13-cv-01537-ODW-(JEMx) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| APPLE INC., | |
| Defendant. | |
| APPLE INC., | |
| Counterclaimant, | |
| v. | |
| FARSTONE TECHNOLOGY, INC., | |
| Counterdefendant | |

Plaintiff FarStone Technology, Inc. ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and

NY 75116592

request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").  It is hereby **ORDERED THAT**:

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2. **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)    "Patents-in-suit" means U.S. Patent No. 7,120,835, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated;  and (ii) materials that show on their face they have been disseminated to the public.

(g)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)    "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.    **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.   **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or

competitive purpose or function.   Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)   Patent Prosecution Bar.   Absent the written consent of the Producing Party, any person on behalf of the Receiving Party who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a Producing Party shall not be involved, directly or indirectly, in any of the following activities:   (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of technology concerning the backup and recovery of a computer system (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of technology concerning the backup and recovery of a computer system.  These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, and these prohibitions are not intended to and shall not preclude counsel for the Receiving Party from participating in reexamination, inter partes review proceedings, or covered business method review to defend the validity of any challenged patent, but counsel for the Receiving Party may not participate in the crafting of amended claims in any such proceedings.   These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials

are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.   To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States), except to the extent otherwise provided in this paragraph.  A Receiving Party's counsel can bring Protected Material outside of the United States for the purpose of using the Protected Material as an exhibit at a deposition for this case as long as it complies with the applicable United States Export Administration Regulations.  If such a deposition is scheduled, the Parties may confer to discuss whether any Protected Materials are subject to such export restrictions.  The Parties agree that during such conference, the Parties are not obligated to identify for one another materials that are not subject to the export restrictions and the parties are in no ways providing legal advice as to whether any party is in compliance with such export restrictions.

(d)     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the

1   Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party

2   independent of the Producing Party; (iii) previously produced, disclosed and/or

3   provided by the Producing Party to the Receiving Party or a non-party without an

4   obligation of confidentiality and not by inadvertence or mistake; (iv) with the

5   consent of the Producing Party; or (v) pursuant to order of the Court.

6        7.   **DESIGNATING PROTECTED MATERIAL**

7          (a)   Available Designations.   Any Producing Party may designate

8   Discovery Material with any of the following designations, provided that it meets

9   the   requirements   for   such   designations   as   provided   for   herein:

10  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

11  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

12  CODE."

13         (b)   Written Discovery and Documents and Tangible Things.

14  Written discovery, documents (which include "electronically stored information,"

15  as that phrase is used in Federal Rule of Procedure 34), and tangible things that

16  meet the requirements for the confidentiality designations listed in Paragraph 7(a)

17  may be so designated by placing the appropriate designation on every page of the

18  written material prior to production.   For digital files being produced, the

19  Producing Party may mark each viewable page or image with the appropriate

20  designation, and mark the medium, container, and/or communication in which the

21  digital files were contained.   In the event that original documents are produced for

22  inspection, the original documents shall be presumed "CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY" during the inspection and re-designated, as

24  appropriate during the copying process.

25         (c)   Native Files.   Where electronic files and documents are

26  produced in native electronic format, such electronic files and documents shall be

27  designated for protection under this Order by appending to the file names or

28  designators information indicating whether the file contains  "CONFIDENTIAL,"

"CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the

provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need

not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)   The Court, jury, and court personnel;

(vi)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Mock jurors, provided that: (a) the Receiving Party shall screen its mock jurors to prevent any individuals from participating who are employed or work in the field of back-up and recovery software; and (b) each mock juror has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

1    (viii)  Any mediator who is assigned to hear this matter, and his

2    or her staff, subject to their agreement to maintain confidentiality to the same

3    degree as required by this Protective Order; and

4    (ix)   Any other person with the prior written consent of the

5    Producing Party.

6    9.    **DISCOVERY MATERIAL DESIGNATED AS**

7    **"CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

8    (a)   A Producing Party may designate Discovery Material as

9    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects

10   information that is extremely confidential and/or sensitive in nature and the

11   Producing Party reasonably believes that the disclosure of such Discovery Material

12   is likely to cause economic harm or significant competitive disadvantage to the

13   Producing Party.  The Parties agree that the following information, if non-public,

14   shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES

15   ONLY" designation:   trade secrets, pricing information, financial data, sales

16   information, sales or marketing forecasts or plans, business plans, sales or

17   marketing strategy, product development information, engineering documents,

18   testing documents, employee information, and other non-public information of

19   similar competitive and business sensitivity.

20   (b)   Unless otherwise ordered by the Court, Discovery Material

21   designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be

22   disclosed only to:

23   (i)   The Receiving Party's Outside Counsel, provided that

24   such Outside Counsel is not involved in competitive decision-making, as defined

25   by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf

26   of a Party or a competitor of a Party, and such Outside Counsel's immediate

27   paralegals and staff, and any copying or clerical litigation support services working

28   at the direction of such counsel, paralegals, and staff;

(ii)     With respect to Discovery Material produced by a Producing Party, not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)   Any other person with the prior written consent of the Producing Party.

## 10.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the

1   extent necessary to perform such work; and provided that: (a) such expert or

2   consultant has agreed to be bound by the provisions of the Protective Order by

3   signing a copy of Exhibit A; (b) such expert or consultant is not a current officer,

4   director, or employee of a Party or of a competitor of a Party, nor anticipated at the

5   time of retention to become an officer, director or employee of a Party or of a

6   competitor of a Party; (c) such expert or consultant is not involved in competitive

7   decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468

8   n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no

9   unresolved objections to such disclosure exist after proper notice has been given to

10  all Parties as set forth in Paragraph 12 below;

11              (iii)   Court   reporters,   stenographers   and   videographers

12  retained to record testimony taken in this action;

13              (iv)   The Court, jury, and court personnel;

14              (v)   Any mediator who is assigned to hear this matter, and his

15  or her staff, subject to their agreement to maintain confidentiality to the same

16  degree as required by this Protective Order; and

17              (vi)   Any other person with the prior written consent of the

18  Producing Party.

19      11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

20              (a)   Any Source Code that is produced by Plaintiff shall be made

21  available for inspection in electronic format at the Los Angeles office of its outside

22  counsel, Stroock & Stroock & Lavan LLP, or any other location mutually agreed

23  by the Parties.  Any Source Code that is produced by Apple Inc. will be made

24  available for inspection at either the San Francisco or Palo Alto offices of its

25  outside counsel, Morrison & Foerster LLP, or any other location mutually agreed

26  by the Parties.  Source Code will be made available for inspection between the

27  hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal

28

1  holidays), although the Parties will be reasonable in accommodating reasonable

2  requests to conduct inspections at other times.

3         (b)    Prior to the first inspection of any requested Source Code, the

4  Receiving Party shall provide thirty (30) days notice of the Source Code that it

5  wishes to inspect.  The Receiving Party shall provide seven (7) days notice prior to

6  any additional inspections.

7         (c)    Source Code that is designated "CONFIDENTIAL –

8  OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced

9  for inspection and review subject to the following provisions, unless otherwise

10  agreed by the Producing Party:

11             (i)    All Source Code shall be made available by the

12  Producing Party to the Receiving Party's outside counsel and/or experts in a secure

13  room on a secured computer without Internet access or network access to other

14  computers and on which all access ports have been disabled (except for one printer

15  port), as necessary and appropriate to prevent and protect against any unauthorized

16  copying, transmission, removal or other transfer of any Source Code outside or

17  away from the computer on which the Source Code is provided for inspection (the

18  "Source Code Computer" in the "Source Code Review Room").  If requested by

19  the Receiving Party and subject to the Producing Party's approval, which approval

20  shall not be unreasonably refused, the Producing Party shall attach to the Source

21  Code Computer a keyboard and mouse supplied by the Receiving Party.  Such

22  keyboard and mouse should not have any memory for recording the mouse and key

23  strokes.  The Producing Party shall install tools that are sufficient for viewing and

24  searching the code produced, on the platform produced, if such tools exist and are

25  presently used in the ordinary course of the Producing Party's business.  The

26  Receiving Party's outside counsel and/or experts may request that commercially

27  available source code review software tools for viewing and searching Source

28  Code (such as, but not limited to, SlickEdit, Xcode, and the Mac Terminal

application) be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) the Producing Party approves such software tools; and (c) may request such other software tools that are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Producing Party shall not unreasonably withhold approval for installing the software tools in (b) and (c) above.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.  The Producing Party shall provide in the Source Code Review Room a landline telephone from which external calls can be made.  The Producing Party shall also provide a secure location near the Source Code Review Room and accessible by the Receiving Party in which cellular telephones and computers may be stored while the Receiving Party is in the Source Code Review Room.  The Producing Party shall further provide Internet access outside of the Source Code Review Room.  In addition, the Producing Party shall provide an expeditious way for the Receiving Party to reenter the Source Code Review Room should the Receiving Party need to leave the room.

(iii)   In addition to the Source Code Computer, the Producing Party shall make available a Notetaking Computer for purposes of enabling the Receiving Party's outside counsel and/or experts to take notes relating to the Source Code. The Receiving Party's outside counsel and/or experts may not copy the Source Code into the notes. The Producing Party shall make available a laser

1    printer with commercially reasonable printing speeds for on-site printing of notes

2    taken on the Notetaking Computer.  The Producing Party shall also make available

3    at the end of each day a USB flash drive onto which the notes on the Notetaking

4    Computer may be copied by the Receiving Party.

5                    (iv)    The Producing Party may visually monitor the activities

6    of the Receiving Party's representatives during any Source Code review, but only

7    to ensure that no unauthorized electronic records of the Source Code and no

8    information concerning the Source Code are being created or transmitted in any

9    way.  However, the Producing Party shall not attempt to view any notes on the

10   Notetaking Computer or handwritten notes taken by the Receiving Party.

11                   (v)    No copies of all or any portion of the Source Code may

12   leave the room in which the Source Code is inspected except as otherwise provided

13   herein.  Further, no other written or electronic record of the Source Code is

14   permitted except as otherwise provided herein.  The Producing Party shall make

15   available a laser printer with commercially reasonable printing speeds for on-site

16   printing during inspection of the Source Code.  Any disputes regarding the

17   production of Source Code shall be resolved in accordance with the Local Rules of

18   the Central District of California, the Federal Rules of Civil Procedure, and the

19   Court's Standing Orders.  The printed pages shall constitute part of the Source Code

20   produced by the Producing Party in this action.  The Receiving Party may request

21   for production limited portions of the Source Code that are reasonably necessary to

22   prepare court filings or pleadings or other papers (including a testifying expert's

23   expert report) or for use at depositions or trial.  The Receiving Party shall not

24   request for production Source Code in order to review blocks of Source Code

25   outside the Source Code Review Room in the first instance.  Upon printing any

26   such portions of Source Code, the printed pages shall be collected by the

27   Producing Party.  The Producing Party shall Bates number, copy, and label

28   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

CODE" any pages printed by the Receiving Party.  Within seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.

(vi)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party in the Source Code Review Room, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least three business (3) days in advance of the first time that such person reviews such Source Code in the Source Code Review Room.  Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code in the Source Code Review Room shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(vii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.   The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.   Notwithstanding the foregoing, information on the Source Code Computer and the Notetaking Computer resulting from the Receiving Party's work on those computers shall be considered and treated as the Receiving Party's confidential attorney work product.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper

identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)  Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)  The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions or trial, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)  The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the receiving party shall have

access to the printed portions of Apple Source Code (except insofar as such code appears in any court filing or expert report or is used at a deposition or trial).

(xi)    For depositions, the Receiving Party shall not bring copies of any printed Source Code, except as provided in this paragraph.  Rather, at least four (4) days before the date of the deposition, the Receiving Party shall notify the Producing Party that the Receiving Party intends to use Source Code as an exhibit at the deposition, in which case the Producing Party shall bring the entire Source Code Production to the deposition.  The Receiving Party's outside counsel is entitled to bring to the deposition one work copy of the exhibit, which shall be kept in outside counsel's possession at all times.  Notwithstanding the foregoing, Apple may decide in its sole discretion that a deposition involving Source Code occur at the Receiving Party or Outside Counsel's office.  In that situation, Apple shall notify the Receiving Party not later than five (5) calendar days after service of notice of the deposition, but in no event more than four (4) days before the noticed deposition, that it is invoking this provision and at which office the deposition will occur.  Apple will then be responsible for reasonable travel and lodging expenses incurred by the deponent in traveling to the deposition location.  This section shall not be construed as a travel restriction in any other circumstance.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought by the Producing Party to the deposition shall remain with the Producing Party.

(xii)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or

NY 75116592

20

photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead).  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, such filing shall be made in accordance with the procedures for filing documents under seal set forth in the Local Rules for the Central District of California, including L.R. 79-5, and Judge Wright's Individual Rules of Practice, including Individual Rule XVI.  A Receiving Party may also create electronic images or copies of Source Code for use at trial. Access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12.    **NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii) or 9(b)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes (i) the name of the Person: and (ii) the present employer and position of the Person.

(b)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(iii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)     the name of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)   the present employer and title of the Person;

(iv)    an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of technology concerning the backup and recovery of a computer system, or relating to the acquisition of intellectual property assets relating to technology concerning the backup and recovery of a computer system;

(v)     an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi)    a list of the cases in which the Person has testified at deposition or trial within the last four (4) years.

Further, the Receiving Party shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change known to Receiving Party with respect to the Person's involvement in the design, development, operation or

patenting of technology concerning the backup and recovery of a computer system, or the acquisition of intellectual property assets relating to technology concerning the backup and recovery of a computer system.

(c)     Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.   There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.  If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(f)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and

attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.

13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular

designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### 14.   **SUBPOENAS OR COURT ORDERS**

(a)   If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

### 15.   **FILING PROTECTED MATERIAL**

(a)   Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)   Any Party is authorized under Civil L.R. 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

### 16.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)   The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the

applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

17.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct

confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

18.   **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.   **FINAL DISPOSITION**

(a)   Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)   All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must destroy any pleadings, correspondence, and consultant work product that contain Source Code.

20.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)   Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)   Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)   Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)   Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial,

or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(e)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(e) shall be treated as attorney-work product for the purposes of this litigation and Order.

(g)     Nothing in Protective Order, include Paragraphs 20(a)–(e), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

21.   **MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives,

administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

(g)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or

any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central District of California, or the Court's own orders.

**SIGNED this 24th day of June, 2014**

_____

The Honorable Otis D. Wright, II
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *FarStone Technology, Inc. v. Apple Inc.*, United States District Court, Central District of California, Civil Action No. 8:13-cv-01537.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

NY 75116592