O

# United States District Court
# Central District of California

| | |
|---|---|
| FARSTONE TECHNOLOGY, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>APPLE, INC.,<br><br>            Defendant. | Case No. 8:13-cv-1537-ODW(JEMx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS [72]** |

## I.    INTRODUCTION

Plaintiff Farstone Technology, Inc. ("Farstone") asserts U.S. Patent No. 7,120,835 ("the '835 Patent") against Defendant Apple, Inc. ("Apple"). Apple seeks to amend its invalidity contentions in light of the Court's Claim Construction Order pursuant to Patent Local Rule 3-6.  Farstone opposes on the basis that Apple cannot show good cause.  The Court finds that Apple failed to exercise diligence in discovering the new prior art.  Thus, the Motion for Leave to File Amended Invalidity Contentions is **DENIED**.[1]  (ECF No. 72.)

/ / /

/ / /

/ / /

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Farstone is the owner of the '835 Patent. (Compl. ¶ 8.) Farstone alleges that Apple's Time Machine features in Apple Mac computers and MAC OS X operating systems infringe claims 1–7 and 9–13 of the '835 Patent. (*Id*. ¶ 10.) The asserted claims are directed to technology that creates a backup of the data stored in or relating to a hardware resource, such as a hard disk, and enables a user to later restore that data.

On July 28, 2014, Apple served its Preliminary Invalidity Contentions pursuant to Patent L.R. 3-3. Apple's original Invalidity Contentions were 173 pages long and included 23 purported prior art references. (ECF No. 72-3.) On September 2, 2014, the parties exchanged their Preliminary Claim Constructions and Extrinsic Evidence. (Chadha Decl., Exs. 1, 2.) On February 27, 2015, the Court issued its claim construction ruling. (ECF No. 69.) The Court adopted Farstone's proposed claim constructions for seven of the nine terms at issue and provided its own construction for the remaining two terms. (*See id*.)

On March 16, 2015, Apple notified Farstone of its intent to seek leave to amend its invalidity contentions to add the GoBack software. On March 30, 2015, Apple moved for leave to amend its invalidity contentions. (ECF No. 72.) Farstone opposed and Apple replied. (ECF Nos. 74, 75.) Apple's Motion is before the Court for consideration.

## III. LEGAL STANDARD

The Patent Local Rules reflect a more conservative approach to amendment than the liberal policy for amending pleadings under the Federal Rules of Civil Procedure. Patent Local Rule 3-6 permits amendment of invalidity contentions "only by order of the Court upon a timely showing of good cause." *Compare* Patent L.R. 3-6 *with* Fed. R. Civ. P. 15(a)(2) (permitting leave to amend "when justice so requires").

To make a satisfactory showing of good cause, a party seeking to amend its invalidity contentions must show that it "acted with diligence in promptly moving to

amend when new evidence is revealed." *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (affirming the district court's denial of leave to amend infringement contentions where the party seeking to amend had the necessary discovery almost three months before moving for leave to amend). Even if the moving party establishes its diligence, the Court then considers the potential prejudice to the nonmoving party in determining whether to grant leave to amend. *Id.* at 1368.

Patent Local Rule 3-6 includes a non-exhaustive list of scenarios that could support a finding of good cause:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
> (b) Recent discovery of material, prior art despite earlier diligent search; and
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

"This rule, and the deadlines for serving infringement and invalidity contentions, exist[s] for a reason—to provide for the orderly and timely disposition of a case while providing adequate notice to opposing sides of the theories of the case. Litigation should not be a constantly moving target." *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2014 WL 186405, at *1 (N.D. Cal. Jan. 16, 2014).

## IV. DISCUSSION

Apple seeks to amend its invalidity contentions to add versions 2.2 and 3 of the GoBack software as additional prior art references. Apple argues that good cause exists for the amendment because: (1) Apple provided notice to Farstone of its intention to amend its invalidity contentions two weeks before the Claim Construction Order and brought the Motion one month after the Order issued; (2) Apple only recently discovered that the GoBack systems are material prior art in light of the

1  Claim Construction Order; and (3) Farstone is not prejudiced by the amendment
2  because Farstone was aware of the GoBack systems and '835 Patent's application
3  discusses the GoBack systems.
4       Apple's argument proves too much. While a claim construction by the Court
5  that is different from that proposed may support a finding of good cause, this
6  argument is not available to Apple. First, Apple admits that it notified Farstone *before*
7  the Claim Construction Order of its intention to amend, proving the amendments were
8  not dependent on the Court's constructions. Further, Apple did not propose any claim
9  constructions, rather only arguing that the terms were unreasonably broad and thus
10 invalid as indefinite. Farstone's constructions were the only constructions presented,
11 and Farstone provided Apple with its proposed constructions on September 2, 2014.
12 Thus, Apple had notice of the potential constructions since September. Lastly,
13 although the Court adopted constructions for two claim terms that were not proposed
14 by either Apple or Farstone, Apple does not tie its proposed amendments to these
15 claim terms nor does it cite to any specific claim terms as the basis for its amendment.
16 (Opp'n 8–9.)
17      Additionally, Apple's arguments of why Farstone was aware of the GoBack
18 system also prove that Apple knew or should have known of the system as well. Prior
19 art references listed within the patent application and related documents are easily
20 revealed by a diligent search. Apple could have easily included the GoBack system in
21 its original Invalidity Contentions. Apple's argument that they were unaware the
22 GoBack system was within the scope of the invention until the testimony of
23 Farstone's expert is unavailing. According to Farstone, its expert's testimony was
24 consistent with his declaration in support of Farstone's claim constructions. (Opp'n
25 9.) No objections were made during the hearing to evidence otherwise. Therefore,
26 the Court finds that Apple did not exercise diligence in discovering the new prior art,
27 and therefore does not show good cause to justify amendment. The Court need not
28

consider prejudice to Farstone because Apple has not met the diligence requirement. *See O2 Micro Int'l, Ltd.,* 467 F.3d at 1368.

### V. CONCLUSION

In sum, the Court **DENIES** Apple's Motion for Leave to Amend Invalidity Contentions.

**IT IS SO ORDERED.**

June 24, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**