O

# United States District Court
# Central District of California

| | |
|---|---|
| FARSTONE TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 8:13-cv-1537-ODW(Ex) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE [123]** |

## I. INTRODUCTION

Plaintiff Farstone Technology, Inc. ("Farstone") moves to exclude witnesses introduced by Defendant Apple Inc. "shortly before the discovery cut-off." Farstone argues that Apple unreasonably delayed seeking out these witnesses and, as a result, Farstone would be prejudiced if the witnesses were allowed to testify at trial and that there is no justification for Apple's violation of Federal Rule of Civil Procedure 26(a) and (e). For the reasons discussed below, the Court **DENIES** Farstone's Motion to Strike.[1] (ECF No. 123.)

## II. FACTUAL BACKGROUND

Farstone is the owner of U.S. Patent No. 7,120,835 ("the '835 Patent") and alleges that Apple's Time Machine features in Apple Mac computers and MAC OS X

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

operating systems infringe claims 1–7 and 9–13 of the '835 Patent. (Compl. ¶¶ 8, 10.) The asserted claims are directed to technology that creates a backup of data stored on a computer's hard drive, or other areas, and enables a user to later restore that data should anything occur that causes the user to lose the stored data.

On May 27, 2014, the Court issued a Scheduling and Case Management Order specifying the discovery cut-off as April 6, 2015. (ECF No. 15.) On March 10, 2015, the Court issued an Amended Scheduling Order setting a new discovery cut-off date of June 4, 2015. (ECF No. 71.) On May 13, 2015, in response to Apple's *ex parte* Application for Leave to File its Motion for Issuance of Letters Rogatory (ECF No. 79), the Court issued an Order granting Apple's request and set a new discovery cut-off date for September 4, 2015. (ECF No. 97.) On June 23, 2015, after all relevant documents pertaining to the current Motion had been filed and just one day after Farstone filed its Reply to the instant motion, the parties filed a Joint Motion to Amend Scheduling Order specifying the discovery cut-off date as September 4, 2015. (ECF No. 132.) On June 24, 2015, the Court granted the Joint Motion and in its Order affirming that the discovery cut-off date of September 4, 2015. (ECF No. 133.)

On May 28, 2015, Apple added two new witnesses to its *Third Supplemental* Disclosure: Andrew Haslam and Michael Gustafson. (Mot. 3.) Apple claims each witness has information limited to a single prior art system, Ghost and GoBack, respectively. (*Id.*) After receiving this disclosure, Farstone informed Apple of its plan to file the instant Motion. (*Id.* 3–4.) On June 8, 2015, the motion was filed. (ECF No. 123.) A timely opposition and reply were filed. (ECF Nos. 127, 131.) Farstone's Motion is now before the Court for consideration.

### III. DISCUSSION

The instant Motion was filed based on the apparent belief that the discovery cut-off was June 4, 2015. This is curious given the fact that the Orders filed on May 13, 2015, and June 24, 2015, make clear the discovery cut-off is September 4, 2015. (ECF Nos. 97, 133.) Farstone states in its Motion that Apple represented to them that

the September 4, 2015 cut-off, stipulated to by the parties, applied only to the introduction of evidence coming from ASUS-related discovery. (Mot. 3.) That belief, however, finds no support in the relevant Orders of the Court. The Order to which Farstone refers unambiguously states "[t]he Court also extends the June 4, 2015 discovery deadline for 90 days to September 4, 2015." (ECF No. 97, 1.) Further, the Joint Motion filed by the parties does not limit the discovery permitted to be taken in the extended discovery period to "ASUS-related discovery cut-off." (ECF Nos. 132, 133.)

If the Court wished to extend the discovery deadline solely for ASUS-related matters, the Court would have said so. Instead, the Court clearly stated that the deadline would be extended until September 4, 2015, without qualification or limitation. (ECF No. 97.) Somehow what would appear to be plain and unambiguous language has purportedly been misinterpreted. Farstone argues to the court that it believes that June 4, 2015, is the correct deadline. While the Court is puzzled as to what could have caused that confusion, the Court is even further perplexed by the current Motion in light of the parties Joint Motion which expressly states the September 4, 2015 is the new deadline. (ECF No. 132.)

Accordingly, Apple's addition of new witnesses actually took place nearly three-and-a-half months before the discovery cut-off, not the seven days as claimed by Farstone, and almost half a year before trial is set to begin. Therefore, because the Court has unequivocally stated, twice, the discovery cut-off is September 4, 2015, the instant filing wherein it is claimed that insufficient time exists to permit discovery into these two added individuals is nothing short of frivolous. The Motion is **DENIED** as it is based entirely upon a wildly erroneous assertion that the deadline was June 4, 2015.

///
///
///

## IV. CONCLUSION

In accordance with the reasoning set forth above, the Court **DENIES** Farstone's Motion to Strike.

**IT IS SO ORDERED.**

July 31, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**