# United States District Court
# Central District of California

| | |
|---|---|
| FARSTONE TECHNOLOGY, INC., <br><br>            Plaintiff, <br><br>    v. <br><br> APPLE INC., <br><br>            Defendant. | Case No. 8:13-cv-1537-ODW(JEMx) <br><br> **ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO STAY [168]** |

Plaintiff Farstone Technology, Inc. ("Farstone") asserts U.S. Patent No. 7,120,835 ("the '835 Patent"), entitled "Computer Equipment Having a Prompt Access Function and Related Method," against Defendant Apple Inc. ("Apple"). On August 28, 2015, Farstone moved to stay the case in light of the United States Patent and Trademark Office ("USPTO") granting Apple's petition for *inter partes* review ("IPR") of all the asserted claims of the '835 Patent. (ECF No. 168.) Apple consents to the stay, except as to two matters pending before the Court: Apple's Motions for Sanctions (ECF No. 154) and supplemental claim construction. On September 1, 2015, Magistrate Judge McDermott ruled on Apple's Motions for Sanctions, therefore leaving only Apple's objection to staying the Court's ruling on the supplemental claim construction.

The Court finds that addressing the supplemental claim construction issue is appropriate at this time. The Court agrees with Apple that while the IPR petition may simplify some of the issues, the PTAB does not consider the issue of indefiniteness in

an IPR; patentability under § 112 remains solely within the purview of the Court. *See* 35 U.S.C. § 311(b) ("[A] petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications.") Furthermore, because the prior art that can be used in IPRs are limited to "patents and printed publications," Apple would still be permitted to challenge the validity of the '835 Patent using other prior art references not considered during the IPR. If the Court were to wait for a decision by the PTAB, it is possible that the board may not find the '835 Patent invalid upon § 102 or § 103 grounds or only invalidate some of the claims. The most efficient, economical, and fair course of action is addressing the indefiniteness issue now because the issues do not overlap and can be outcome determinative. A finding of indefiniteness would be dispositive as to the entire case; therefore, the Court finds the issue appropriate for consideration at this time.

Accordingly, the Court **GRANTS** Farstone's Motion to Stay except as to the Court's ruling on the claim construction issue. All other dates and deadlines in this action are **VACATED** and taken off calendar, including Apple's Motion for Partial Summary Judgment (ECF No. 185.)

**IT IS SO ORDERED.**

Septemeber 25, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

2