O

# United States District Court
# Central District of California

| | |
|---|---|
| FARSTONE TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case № 8:13-cv-1537-ODW(JEMx) <br><br> **SUPPLEMENTAL CLAIM-CONSTRUCTION ORDER** |

## I. INTRODUCTION

This patent case involves computer backup and recovery technology. Plaintiff Farstone Technology, Inc. ("Farstone") asserts U.S. Patent No. 7,120,835 ("the '835 Patent"), entitled "Computer Equipment Having a Prompt Access Function and Related Method," against Defendant Apple Inc. ("Apple"). On December 10, 2014, the Court held a claim-construction hearing on nine disputed terms of which Apple argued that eight were indefinite under 35 U.S.C. § 112.[1] The Court issued a Claim Construction Order on February 27, 2015 in large part disagreeing with Apple and finding none of the terms indefinite. Subsequently, the U.S. Court of Appeals for the Federal Circuit issued *Williamson v. Citrix Online LLC*, 792 F.3d 1339 (Fed. Cir. 2015), which abrogated certain prior holdings regarding the presumption against applying 35 U.S.C. § 112, ¶ 6 to claim language that does not use the word "means."

---

[1] Because the patent in suit predates the effective date of the America Invents Act (AIA), all statutory citations herein are pre-AIA.

In light of Federal Circuit's opinion, the Court requested supplemental briefing from the parties regarding two terms: "backup/recovery module" (claim 1) and "processing system" (claim 9). For the reasons discussed below, the Court finds the terms indefinite under 35 U.S.C. § 112, ¶ 2.

## II. FACTUAL BACKGROUND

Farstone is the owner of the '835 Patent. (Compl. ¶ 8.) Farstone alleges that Apple's Time Machine features in Apple Mac computers and MAC OS X operating systems infringe claims 1–7 and 9–13 of the '835 Patent. (*Id*. ¶ 10.) The asserted claims are directed to technology that creates a backup of the data stored in or relating to a hardware resource, such as a hard disk, and enables a user to later restore that data. The alleged advantages of the patented invention over conventional backup/recovery software at the time are the ability to support unlimited recovery points and prompt access and economical use of system resources. Accordingly, representative claim 1 recites:

> A computer equipment having a prompt access function, said computer equipment comprising:
>
> a processing system having at least one hardware resource with a backup/recovery module, said backup/recovery module creating at least one recovery unit to hold backup data; and
>
> a displaying system for displaying backed up data of said processing system, said backed up data of said processing system corresponding to each of said at least one recovery unit, said displaying system having a selecting means, said selecting means selecting a status corresponding to said processing system at the time of creation of each of said at least one recovery unit, said displaying system displaying said selected status;
>
> wherein said at least one recovery unit respectively reflects a corresponding status of said at least one hardware resource at the time of creation of each of said at least one recovery unit, said at least one hardware resource can be restored to status at the time of creation of each of said at least one recovery unit.

'835 Patent at 8:62–9:14. A schematic block diagram of a preferred embodiment of a computer equipment is presented below:



'835 Patent at Fig. 1. The computer equipment has displaying system 20 and processing system 10.

On December 10, 2014, the Court held a claim-construction hearing, which included testimony from the parties' expert witnesses. After considering the arguments made by the parties at the hearing and in the parties' claim construction briefing (ECF Nos. 43, 47, 48), the Court issued a Claim Construction Order on February 27, 2015. (ECF No. 69.) The Court found that none of the terms were indefinite under 35 U.S.C. § 112. (*Id.*)

On July 2, 2015, Apple requested leave to move for summary judgment as to indefiniteness of all claims at issue in light of the Federal Circuit's June 16, 2015 decision in *Williamson*. (ECF No. 139.) Rather than granting Apple leave to file a

motion for summary judgment, the Court directed the parties to file additional claim construction briefs for two terms: "backup/recovery module for creating at least one recovery unit" (claim 1) and "processing system creating at least one recovery unit" (claim 9). (ECF No. 144.) The parties filed simultaneous supplemental briefs on August 28, 2015 (ECF Nos. 175, 176) and simultaneous responses on September 18, 2015. (ECF Nos. 182, 183). The supplemental claim construction issues as briefed by the parties are before the Court for consideration.

### III. LEGAL STANDARD

Title 35 U.S.C. § 112 provides that "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2. When a claim is written in means-plus-function form, "the written description must clearly link or associate structure to the claimed function" to satisfy the definiteness requirement of § 112 ¶ 2. *Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1376 (Fed. Cir. 2010). Title 35 U.S.C. § 112, ¶ 6[2] specifically provides: "An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."

> It is well settled that [a] claim limitation that actually uses the word "means" invokes a rebuttable presumption that [35 U.S.C] § 112, ¶ 6 applies. By contrast, a claim term that does not use "means" will trigger the rebuttable presumption that § 112, ¶ 6 does not apply. The term "means" is central to the analysis.

---

[2] The Leahy–Smith America Invents Act ("AIA") modified former 35 U.S.C. § 112, ¶ 6 such that the statute can now be found at 35 U.S.C. § 112(f). The pre-AIA version applies to the patent-in-suit, but regardless the amendment has no effect on the analysis.

*Apex Inc. v. Raritan Comput., Inc*., 325 F.3d 1364, 1371–72 (Fed. Cir. 2003) (citations and internal quotation marks omitted); *Lighting World, Inc. v. Birchwood Lighting, Inc*., 382 F.3d 1354, 1358 (Fed. Cir. 2004) ("[A] claim term that does not use 'means' will trigger [a] rebuttable presumption that [35 U.S.C.] § 112 ¶ 6 does not apply.").

Although *Lighting World* characterized this presumption against means-plus-function treatment as "a strong one," the Federal Circuit recently abrogated *Lighting World*'s holding in this regard. *See Williamson*, 792 F.3d at 1349. Instead, "[t]he standard is whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure. When a claim term lacks the word 'means,' the presumption can be overcome and § 112, para. 6 will apply if the challenger demonstrates that the claim term fails to 'recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Id*. (citations omitted). Thus, the presumption still stands, but it no longer is a "strong one." *See id*.

Once a court finds that a term meets this threshold determination articulated in *Williamson* and is therefore subject to treatment under § 112 ¶ 6, the court construes such terms according to a two-step process. The court must first identify the claimed function. *Noah Sys., Inc. v. Intuit Inc*., 675 F.3d 1302, 1311 (Fed. Cir. 2012). Then, the court must determine what structure if any, disclosed in the specification corresponds to the claimed function. *Id*. at 1311–12. If the patentee fails to disclose adequate corresponding structure, the claim is indefinite. *Id*.

### IV. DISCUSSION

**A. "backup/recovery module"**

*1. Functional Claiming*

The Court first turns to the disputed term in claim 1: "backup/recovery module creating at least one recovery unit to hold backup data." Apple argues this term is fundamentally the same as the term "distributed learning control module" analyzed in *Williamson*, and therefore governed by § 112, ¶ 6. (ECF No. 176 at 3–4.) In

1  *Williamson*, the Federal Circuit held that the term "module" is a "well-known nonce
2  word that can operate as a substitute for 'means' in the context of § 112, para. 6." *Id.*
3  at 1350. It further held that in the context of the patent-in-suit, "module" did not
4  provide any structure because "it sets forth the same black box recitation of structure
5  for providing the same specified function as if the term 'means' had been used." *Id*.

6  Farstone argues that Apple has not overcome the presumption against means-
7  plus-function claiming because one of ordinary skill in the art would understand that
8  "backup/recovery module" refers to sufficiently definite structure. (ECF No. 175 at
9  5–6.) Farstone further contends that not all terms containing "modules" are
10 automatically subject to § 112, ¶ 6. (*Id*. at 6–7 (citing *Genband USA LLC v.
11 Metaswitch Networks Ltd*., No. 2:14-CV-33-JRG-RSP, 2015 WL 4722185, at *13
12 (E.D. Tex. Aug. 7, 2015).)

13 The Court agrees with Apple, and finds the analysis in *Williamson* controlling.
14 As an initial matter, the claim limitation "backup/recovery module creating at least
15 one recovery unit to hold backup data" is in a format consistent with traditional
16 means-plus-function claim limitations. The limitation replaces "means" with
17 "module" and recites the function performed by the "backup/recovery module."
18 *Williamson*, 792 F.3d at 1350. Furthermore, the prefix "backup/recovery" does not
19 impart definite structure into the term "module." Although the specification describes
20 the "backup/recovery module" as within the hardware resource of the processing
21 system, the specification fails to impart any structural significance to the term.

22 In the context of claim 1, "backup/recovery module" is described as being part
23 of the hardware resource of the processing system. However, the claim does not
24 describe how the "backup/recovery module" creates a recovery unit to hold backup
25 data in a way that informs the structural character of the limitation or otherwise impart
26 structure to the "backup/recovery module" as recited in the claim. Nothing in the
27 intrinsic evidence leads the Court to construe "backup/recovery module" as the name
28 of a sufficiently definite structure as to take the claim limitation out of the scope of

§ 112, ¶ 6.

Furthermore, regarding the declaration by Farstone's expert, Dr. Kaliski, that a person of ordinary skill in the art would understand the structure of "backup/recovery module," *Williamson* reiterated that "the fact that one of skill in the art could program a computer to perform the recited functions cannot create structure where none otherwise is disclosed." *Id*. at 1351. Dr. Kaliski's declaration, like the claim language and specification, fails to describe how the backup/recovery module creates recovery units as part of the processing system. Instead, Dr. Kaliski tries to apply the structural elements of the processing system to the backup/recovery module. Therefore, the Court finds that this limitation is subject to the provisions of § 112, ¶ 6.

### 2. *Corresponding Structure*

The Court must next determine whether the specification discloses sufficient structure that corresponds to the claimed function. *See Noah*, 675 F.3d at 1311–12. The parties do not dispute that the function associated with "backup/recovery module" is to create at least one recovery unit. Thus, the Court must determine whether adequate structure corresponding to this function is disclosed in the specification.

"[S]tructure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim." *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1210 (Fed. Cir. 2003) (internal quotations omitted). One who seeks to take advantage of § 112, ¶ 6 must therefore disclose the structure that carries out each function. *Biomedino, LLC v. Waters Techs. Corp.*, 490 F.3d 946, 948 (Fed. Cir. 2007). "'If the specification is not clear as to the structure that the patentee intends to correspond to the claimed function, then the patentee has not paid the price but is rather attempting to claim in functional terms unbounded by any reference to structure in the specification.'" *Id*. (quoting *Elekta AB*, 344 F.3d at 1211). Therefore, "'[i]f an applicant fails to set forth an adequate structure, the applicant has in effect failed to particularly point out and distinctly claim the invention as required by the

second paragraph of § 112.'" *Id.* (quoting *In re Donaldson Co.*, 16 F.3d 1189, 1195 (Fed. Cir. 1994) (en banc)).

The written description of the '835 Patent supports that the backup/recovery module must be implemented in a special purpose computer and cannot be implemented in a general purpose computer. A special purpose computer is a general purpose computer programmed to perform particular functions pursuant to instructions from program software. *Williamson*, 792 F.3d at 1352. Here, a special purpose computer is required because the backup/recovery module has specialized functions described in the specification.[3] *See, e.g.*, '835 Patent at 5:11–18. Consequently, when a claim limitation subject to § 112, ¶ 6 must be implemented in a special purpose computer, the Federal Circuit has consistently held that the structure disclosed in the specification must be more than a general purpose computer or microprocessor. *E.g.*, *Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008) (citing *WMS Gaming, Inc. v. In'l Game Tech.*, 184 F.3d 1339 (Fed. Cir. 1999)). Specifically, the specification must disclose an algorithm for performing the claimed function. *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1367 (Fed. Cir. 2008). The algorithm may be expressed as a mathematical formula, in prose, or as a flow chart, or in any other manner that provides sufficient structure. *Noah*, 675 F.3d at 1312 (citing *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1340 (Fed. Cir. 2008)).

Farstone argues that "backup/recovery module" creates a recovery unit by "storing" a collection of file backup data and configuration information reflecting the state of a computer hardware resource at a point in time in a storage device, such as a hard disk drive, CD-RW, or a tape. (*See* ECF No. 175 at 7–8 (citing '835 Patent at

---

[3] The specification also describes "conventional" backup/recovery software that creates recovery points when describing the prior art. *See, e.g.*, '835 Patent at 1:14–27. This implies that the backup/recovery module of the claimed invention has a software component and that even if backup/recovery is normally implemented in a general purpose computer, the invention practices a new or specialized function distinct from "conventional" backup/recovery software.

7:41–50, 6:26–29, 6:9–15).)  Farstone also argues that the function of "storing" has previously been found to be one a general purpose computer can execute such that an algorithm does not need to be disclosed.  (*Id.* 8 (citing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1316 (Fed. Cir. 2011)).)  Thus, the function of "creating at least one recovery unit to hold backup data," which involves "storing," does not necessitate a disclosure of an algorithm.  (*Id.*)

The Court agrees with Apple that "storing" is an oversimplification of the backup/recovery module's function.  (ECF No. 182 at 5.)  Creating a recovery unit must include steps to collect and process "the data in the recovery unit [to] allow[] the user to recover a computer equipment back to a previous state."  (ECF No. 69 at 10.)  Therefore, the function of creating a recovery unit is more than the basic function of "storing" that can be performed by any general purpose computer and requires disclosure of an algorithm.  *EON Corp. IP Holdings LLC v. AT & T Mobility LLC*, 785 F.3d 616, 623 (Fed. Cir. 2015) ("A microprocessor or general purpose computer lends sufficient structure only to basic functions of a microprocessor. All other computer-implemented functions require disclosure of an algorithm.")

Alternatively, Farstone argues that an algorithm is sufficiently disclosed.  (ECF No. 175 at 7–9.)  Farstone mistakenly associates the definition of recovery unit as the algorithm for creating a recovery unit.  Farstone argues that the Court's construction of "recovery unit" and "status," combined with the claim language and the specification implies or gives guidance as to an algorithm.  (*Id.* at 8.)  In fact, the specification provides no algorithm, but rather repeats the function of backup/recovery module.  The specification describes a "recovery unit" as holding a collection of file backup data and configuration information that reflects data that was in a hardware resource of the processing system at the time the recovery unit was created.  '835 Patent at 4:44–50, 6:64–67, 9:9–14.  These descriptions do not provide **how** the recovery unit is actually created by the backup/recover module.  *See Noah Sys.*, 675 F.3d at 1312 ("Simply disclosing software, however, without providing some detail

about the means to accomplish the function, is not enough." (internal quotations and citations omitted)).

Lastly, although Farstone argues that a person of ordinary skill in the art would understand how to create a recovery unit based upon this description, the Federal Circuit has clearly held that testimony from a person of ordinary skill in the art cannot supplant the total absence of structure from the specification. *See id.* at 1312–13; *see also Williamson*, 792 F.3d at 1351; *Eon Corp.*, 785 F.3d at 624 ("Where the specification discloses no algorithm, the skilled artisan's knowledge is irrelevant."). Therefore, because there is no algorithm disclosed in the '835 Patent for creating a recovery unit, there is no corresponding structure and "backup/recovery module" is indefinite under § 112.

**B.     "processing system"**

The Court previously construed "processing system" as "a portion of a computer equipment having at least one hardware resource with backup/recovery module and creating at least one recovery unit." (ECF No. 69 at 20–22.) Consistent with the specification and the prosecution history, the construction of processing system is dependent on "backup/recovery module." (*See id.*)  Having found "backup/recovery module" indefinite, the Court need not determine whether "processing system" is subject to § 112, ¶ 6.

A patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as [the] invention." 35 U.S.C. § 112, ¶ 2 (2006). A claim fails to satisfy this statutory requirement and is thus invalid for indefiniteness if its language, when read in light of the specification and the prosecution history, "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120, 2124 (2014). Thus, because "backup/recovery module" is indefinite, "processing system" also lacks reasonable certainty and is indefinite under § 112, ¶ 2.

## V. CONCLUSION

For the foregoing reasons, the Court finds claims 1–14 invalid for indefiniteness under 35 U.S.C. § 112, ¶ 2. *Intellectual Prop. Dev., Inc. v. UA–Columbia Cablevision of Westchester, Inc.*, 336 F.3d 1308, 1318 (Fed. Cir. 2003) ("A determination that a patent claim is invalid for failure to meet the definiteness requirement of 35 U.S.C. § 112, paragraph 2, is a legal conclusion." (internal quotation omitted)). Because all the asserted claims have been found invalid, the parties shall file a stipulated proposed judgment by October 19, 2015.

**IT IS SO ORDERED.**

October 8, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**