VINCENT J. BELUSKO (CA SBN 100282)
vbelusko@mofo.com
BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ALEX S. YAP (CA SBN 241400)
ayap@mofo.com
ASHLEIGH K. LANDIS (CA SBN 281601)
alandis@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454

Attorneys for Defendant-Counterclaimant
APPLE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARSTONE TECHNOLOGY, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 8:13-cv-01537-ODW (JEMx)<br><br>**JOINT STATEMENT REGARDING FINAL JUDGMENT AND DISMISSAL WITHOUT PREJUDICE OF APPLE'S COUNTERCLAIMS AND DEFENSES**<br><br>Judge:  Hon. Otis D. Wright, II |
| APPLE INC.,<br><br>　　　　Counterclaimant,<br><br>　v.<br><br>FARSTONE TECHNOLOGY, INC.,<br><br>　　　　Counterdefendant. | |

la-1302055

In response to this Court's Order to Show Cause (ECF No. 194), dated October 19, 2015, Farstone Technology, Inc. and Apple Inc. submit this joint statement regarding whether claims 8 and 14 of U.S. Patent No. 7,120,835 (the "'835 patent") should be subject to a final judgment.

The parties understand that the Court granted ECF No. 193 and the only issue that remains is as to claims 8 and 14.

### I. APPLE'S STATEMENT

Apple requests that claims 8 and 14 be included in the final judgment of invalidity.

In its Complaint, Farstone alleged that Apple's Mac computers and Apple's Mac OS X operating systems that include the Time Machine feature infringe U.S. Patent No. 7,120,835. (ECF No. 1.) The complaint did not identify specific claims of the '835 patent, but states that Apple has infringed one or more claims. (*Id*. at ¶ 10.) In its infringement contentions, Farstone asserted claims 1-7 and 9-13.

On October 8, 2015, the Court issued its Supplemental Claim Construction Order. (ECF No 192.) Specifically, the Court found claims 1-14, which includes all of the claims asserted by Farstone against Apple, as invalid for indefiniteness under 35 U.S.C. § 112, ¶ 2.

Given, claims 8 and 14 are dependent on independent (and indefinite) claims 1 and 13, respectively, claims 8 and 14 are necessarily indefinite and thus invalid. *Robert Bosch, LLC v. Snap-On Inc.*, 769 F.3d 1094, 1102 (Fed. Cir. 2014.) As such, a final judgment should issue as to those claims as well.

### II. FARSTONE'S STATEMENT

At the time the Court ruled on the validity of the asserted claims (1-7 and 9-13) of the '835 patent, no case or controversy existed with respect to the unasserted claims (8 and 14), and as a result the Court lacks the jurisdiction required to enter judgment on the validity of claims 8 and 14. Furthermore, it is of no consequence that claims 8 and 14 are dependent upon asserted claims that the Court found

invalid.  *See* 35 U.S.C. § 282(a).

Therefore, the Court should find that claims 8 and 14 of the '835 patent are not properly subject to a final judgment in this case, and enter the final judgment as originally stipulated by the parties (ECF 193).

### A. Farstone's Statement of Facts

On September 30, 2013, Farstone filed its Complaint for Patent Infringement. ECF 1.  On March 14, 2014, Apple filed its Answer to Complaint and Counterclaims.  ECF 10.

On June 16, 2014, Apple was served Farstone's Disclosure of Asserted Claims and Infringement Contentions.  ECF 65-1 at Ex. 1.  On July 28, 2014, Farstone was served Apple's Preliminary Invalidity Contentions.  ECF 72-3.

On November 3, 2014 Farstone submitted its opening claim construction brief.  ECF 43.  On November 11, 2014 Apple submitted its responsive claim construction brief.  ECF 47.  Neither party addressed claims 8 or 14 in their briefs. On February 27, 2015, the Court issued its claim construction ruling.  ECF 69.  On July 21, 2015, the Court instructed the parties to submit supplemental briefing concerning the term "backup/recovery module" in claim 1 and the term "processing system" in claim 9.  ECF 144 at 2-3.  On August 28, 2015, both parties submitted supplemental claim construction briefs concerning claim 1 and claim 9.  ECF 175-6.  Neither party asked the court to address claims 8 and 14.  On October 8, 2015, the Court issued its supplemental claim construction order, in which it determined terms in claim 1 and claim 9 were indefinite.  ECF 192.

On October 19, 2015, the parties stipulated that the court should enter "final judgment of indefiniteness as to all asserted claims (1-7 and 9-13 of the '835 Patent) under § 112, ¶ 2."  ECF 193.

### B. Applicable Law

"Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other

claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C.A. § 282(a) (West).

Patent Local Rule 3-1(a) requires the plaintiff to identify "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party".

Patent Local Rule 3-3(d) requires the defendant to identify "[a]ny grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims."

### C. Farstone's Argument

The Court cannot issue judgment concerning the validity of claims 8 and 14 because those claims were not asserted in this litigation and are therefore outside the jurisdiction of the Court.

It is undisputed that only claims 1-7 and 9-13 were asserted in this litigation. Farstone originally claimed that Apple infringed "one or more claims" in its complaint (ECF 1 at 3) and Apple originally stated in its counter claims that "[o]ne or more claims of the '835 Patent is invalid for failure to comply with one or more requirements for patentability. . ." (ECF 10 at 8). However, under Patent Local Rule 3-1(a) Farstone properly narrowed its claims of infringement to claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, and 13" (the "asserted claims"). ECF 65-1 at Ex. 1. And under Patent Local Rule 3-3 Apple further specified that "each of the asserted claims is invalid" under §102 and §103, and also stated that "the asserted claims" were invalid under §112. ECF 72-3 at 6, 20. In fact, the parties expressly stipulated that the asserted claims were only claims "1-7 and 9-13 of the '835 Patent". ECF 193 at 2.

"In patent cases, 'the existence of a case or controversy must be evaluated on a claim-by-claim basis.'" *Fox Group, Inc. v. Cree, Inc.*, 700 F.3d 1300, 1307 (Fed. Cir. 2012) (quoting *Jervis B. Webb Co. v. So. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed.Cir.1984)). "'[J]urisdiction must exist at all stages of review, not merely at

3

the time the complaint [was] filed, ... a counterclaimant must show a continuing case or controversy with respect to withdrawn or otherwise unasserted claims.'" Id. (quoting *Streck, Inc. v. Research Diagnostic Sys.*, Inc., & 665 F.3d 1269, 1282–83 (Fed.Cir.2012)).

Accordingly, because it is undisputed that claims 8 and 14 were not asserted in this litigation, the Court did not have jurisdiction over those claims and as such cannot enter judgment concerning those unasserted claims. *See Fox Group*, 700 F.3d at 1307-08 (reversing the district court's judgment of invalidity of unasserted claims stating "[t]here was no case or controversy with respect to the unasserted claims at the time of the summary judgment motions; therefore the district court did not have jurisdiction over the unasserted claims"); *See also 800 Adept*, 539 F.3d at 1367-68 (reversing the trial court's judgment of invalidity of unasserted claims because "the unasserted claims were neither litigated not placed in issue during the trial").

Furthermore, it is of no consequence that in its counterclaims Apple requested a "declaration that each and every one of the claims of the '835 Patent are invalid and/or unenforceable". ECF 72-3. "[A] reference in the complaint is not sufficient to support a judgment that particular claims are invalid; the specific validity of those claims must have been at issue during the trial and actually litigated by the parties. *800 Adept* at 1367 (citing *Datascope Corp. v. SMEC, Inc.*, 776 F.2d 320, 327 (Fed.Cir.1985)). Apple never addressed the validity of claims 8 and 14, as required by Patent Local Rule 3-3(d), and as such those unasserted claims were not at issue during this litigation. *See id*.

Accordingly, because the Court lacks jurisdiction over claims 8 and 14 as a result of those claims not being asserted by Farstone and not being specifically placed at issue by Apple, the Court's supplemental claim construction order should not have addressed unasserted claims 8 and 14 (*See* ECF 192 at 11), and the Court should not include those claims in its final judgment.

4

Therefore, Farstone respectfully maintains that final judgment should only concern the asserted claims (claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, and 13) as originally stipulated by the parties (ECF 193).

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| DATED: October 29, 2015 | DATED: October 29, 2015 |
| By: /s/ *Charles E. Cantine* | By: /s/ *Bita Rahebi* |
| JOSEPH DIAMANTE<br>KENNETH L. STEIN<br>IAN G. DIBERNARDO<br>CHARLES E. CANTINE<br>J. COLBY VAN HORN<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038<br>Email: ssl-farstone@stroock.com<br>Telephone: (212) 806-5400<br>Facsimile: (212) 806-6006<br><br>JOHN R. LOFTUS<br>CRYSTAL Y. JONELIS<br>STROOCK & STROOCK & LAVAN LLP<br>2029 Century Park East<br>Los Angeles, CA 90067-3086<br>Telephone: (310) 556-5800<br>Facsimile: (310) 556-5959<br>Email: lacalendar@stroock.com<br><br>Attorneys for Plaintiff and Counter-Defendant<br>FARSTONE TECHNOLOGY, INC. | VINCENT J. BELUSKO<br>BITA RAHEBI<br>ALEX S. YAP<br>ASHLEIGH K. LANDIS<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543<br>Email: MOFO-Farstone@mofo.com<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br><br>Attorneys for Defendant-Counterclaimant<br>APPLE INC. |