O

# United States District Court
# Central District of California

| | |
|---|---|
| FARSTONE TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case № 8:13-cv-1537-ODW(JEMx) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RETAX COSTS** |

## I. INTRODUCTION

This motion to retax costs follows a final judgment in favor of Defendant, Apple Inc. in a patent infringement action brought by Plaintiff, Farstone Technology Inc. Plaintiff asks the Court to find that it is not liable for costs, or in the alternative, to reduce the Clerk's $40,803 Bill of Costs. For the following reasons, the Court **GRANTS** Plaintiff's motion in part and **DENIES** Plaintiff's motion in part.

## II. FACTUAL BACKGROUND

Plaintiff initiated the instant action with the filing of a complaint on September 30, 2013. (Compl., ECF No. 1.) In the complaint, Plaintiff alleged that Defendant's Time Machine feature, which allows for data backup and recovery, infringes on its patent (U.S. Patent No. 7,120,835) entitled "Computer Equipment Having a Prompt Access Function." (*Id.* ¶ 10.) Defendant filed an answer on March 14, 2014, denying

the allegations and adding two counterclaims. (Answer ¶ 13-21, ECF No. 10.) On December 10, 2014, the Court held a claim construction hearing on several disputed terms of the patent. In a claim construction order issued on February 27, 2015, the Court found that none of the terms were indefinite. (ECF No. 69.)

However, after the U.S. Court of Appeals for the Federal Circuit issued *Williamson v. Citrix Online LLC*, 792 F.3d 1339 (Fed. Cir. 2015), which abrogated certain prior holdings regarding the presumption against applying 35 U.S.C. § 112, ¶ 6 to claim language that does not use the word "means," and Defendant filed a motion for summary judgment, the Court issued a supplemental claim construction order on October 8, 2015. (ECF No. 192.) This order invalidated claims 1-14 of Plaintiff's patent, U.S. Patent No. 7,120,835, for indefiniteness. (*Id.* at 11.) The Court incorporated this order into its final judgment issued on November 10, 2015. (ECF No. 196.) This final judgment was subsequently affirmed by the U.S. Court of Appeals for the Federal Circuit on August 16, 2016. (ECF No. 211.)

On November 24, 2015, Defendant, as the prevailing party, filed an Application with the Clerk to Tax Costs seeking $46,886. (Appl., ECF No. 200.) Plaintiff objected and Defendant responded. (ECF Nos. 204-205). Prior to the Clerk's generation of a final Bill of Costs, Defendant withdrew $51.83 in Fees for Service of Process, $237 in Deposition Expenses, and $911.80 for Certification, Exemplification, and Reproduction of Documents. (ECF No. 206.) The parties also agreed to reduce witness fees to $1,111.20. (Mot. Ex. A, ECF No. 207.) After removing these expenses and others, the Clerk's Bill of Costs totaled $40,803. (ECF No. 206.) Plaintiff asserts in its motion that it should not be held liable for costs given the change of law that occurred during proceedings. (Mot. 1.) In the alternative, Plaintiff asks the Court to reduce Defendant's claimed expenses for interpretation, photocopying, and electronic discovery. (Mot. 4-10.) Defendant filed opposition to the pending motion, taking issue with Plaintiff's characterization of the case and disputing individually each of Plaintiff's proposed cost reductions. (Opp'n 2-11, ECF

No. 212.) Plaintiff subsequently filed a reply on August 29, 2016. (Reply, ECF No. 214.)

### III. LEGAL STANDARD

The district court reviews the Clerk's Bill of Costs de novo. *Jardin v. DATAllegro, Inc.*, No. 08-CV-1462-IEG WVG, 2011 WL 4835742, at *1 (S.D. Cal. Oct. 12, 2011). However, Local Rule 54-8 explains that this review is limited to the record before the Clerk.

As a general matter, Federal Rule of Civil Procedure 54(d) creates a strong presumption in favor of awarding costs to the prevailing party. *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003). This presumption is so strong that a court "need not give affirmative reasons for awarding costs" to the prevailing party in rendering its decision on a motion to retax. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

To overcome this strong presumption in favor of awarding costs to the prevailing party, the losing party must convince the court that the case on which the Bill of Tax rests is "not ordinary," or in other words, that it would not be equitable for the losing party to bear the costs. *Id.* (quoting *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 592-593 (9th Cir. 2000). In evaluating whether a case is "not ordinary" a court weighs seven factors: (1) the losing party's financial resources; (2) whether there was misconduct by the prevailing party; (3) the possible chilling effect of imposing high costs on future civil rights litigants; (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

If the Court determines that the prevailing party is entitled to costs, it must then determine which costs are taxable. A cost is taxable if it falls within one of the categories of costs listed in 28 U.S.C. § 1920 including: (1) fees of the clerk and

marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.[1] While the Court may only award costs that fall within the proscribed categories, it is "free to interpret" the meaning of each category. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 633 F.3d 1218, 1221 (9th Cir. 2011), *vacated and remanded on other grounds*, 132 S. Ct. 1997, 182 L. Ed. 2d 903 (2012).

## IV. DISCUSSION

### A. Whether Costs Should Be Denied Entirely to Defendant

Plaintiff's sole argument for denying costs to Defendant, the prevailing party, is that the issues in this case were "close and difficult." (Reply 2.) To support its argument, Plaintiff points to how the issuance of *Williamson* during these proceedings effectively changed the outcome of the case. (Mot. 4.)

To begin, even if the Court agreed with Plaintiff's characterization of this case as "close and difficult," doing so would not allow Plaintiff to overcome the strong presumption in favor of awarding costs to the prevailing party. Both the Ninth Circuit and other district courts have made clear that the mere fact a case is "close and difficult," does not, by itself, overcome the presumption of awarding costs to the prevailing party. *See Steffens v. Regus Grp., PLC*, No. 08CV1494-LAB WVG, 2012 WL 628235, at *3 (S.D. Cal. Feb. 24, 2012) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.,* 51 F.3d 1470, 1472 (9th Cir. 1995)).

However, the Court takes issue with Plaintiff's characterization of this case as "close and difficult." Although there is no uniform standard as to what makes a case "close and difficult," courts have employed a variety of approaches in making this determination. For instance, one court found a case "close and difficult" after taking

---

[1] These categories are expounded upon by Local Rule 54-3.

into account the length of the decision (ninty-six pages) and the large number of parties involved in the case (twenty-three plaintiffs). *Rivera v. NIBCO*, 701 F. Supp. 2d 1135, 1144 (E.D. Cal. 2010). Another court suggested that a case might properly be deemed "close and difficult" if it involved a "long and complicated trial" or turned on a "determination of credibility at trial." *Jardin*, 2011 WL 4835742, at *3. By contrast, this case involved a single plaintiff against a single defendant and was resolved before trial in a straightforward ten and a half-page supplemental claim construction order (of which only five pages consisted of substantive analysis), definitively finding all fourteen claims of Plaintiff's patent invalid. (ECF No. 192.)

Plaintiff's argument that a change in law during proceedings makes a case "close and difficult" is unavailing. (Reply 2.) Plaintiff has not cited any precedent in support of this proposition. (*Id.*) Likewise, the Court has been unable to independently locate any such support.

Finally, the Court notes that the other *Champion Produce* factors do not favor Plaintiff. 342 F.3d at 1022. Plaintiff is a corporation and does not assert that paying costs would render it insolvent. *Cf. Rivera*, 701 F. Supp. 2d at 1145 (finding that the prevailing party was not entitled to costs in part because it would leave the losing party effectively indigent). Further, Defendant did not engage in misconduct or receive any financial compensation as part of the final judgment. Additionally, the issues in this case did not involve civil rights and were not of national importance.[2] Based on the foregoing, the Court finds that Plaintiff has not overcome the strong presumption in favor of awarding costs to the prevailing party.

**B.     Whether the Court Should Reduce the Clerk's Bill of Costs**

1. Deposition Expenses

---

[2] The Court was not the first to invoke *Williamson*. By the time the Court issued its Supplemental Claim Construction Order on October 8, 2015, *Williamson* had been cited in thirty district court opinions and had been applied in a published Federal Circuit decision to uphold a district court's decision invalidating claims of a patent for indefiniteness. *Media Rights Techs., Inc. v. Capital One Fin. Corp.*, 800 F.3d 1366, 1375 (Fed. Cir. 2015).

a. <u>Interpreter</u>

Plaintiff disputes $5330 taxed for interpretation services rendered at the depositions of Thomas Lin and Mary Chuang.[3] (Mot. 5.) Generally, "compensation of interpreters" constitutes a taxable expense. *See* 8 U.S.C. § 1920(6); *see also* L.R. 54-3.5 (allowing for the recovery of "reasonable" deposition-related interpreter fees).

The Court finds that the interpreters' hourly fees for provision of services at the depositions are taxable. (*See* Appl. Ex. B at 6, 8, 10.) The Court also finds the Teresa Wong CLC interpreter's travel costs taxable. (*See id.* at 10.) Other district courts have taxed costs associated with interpreter travel. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1155 (N.D. Cal. 2010); *Flores-Torres v. Holder*, No. C08-01037 WHA, 2010 WL 1910011, at *3 (N.D. Cal. May 11, 2010). Additionally, travel costs associated with other litigation personnel such as court reporters have been taxed. *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *8 (E.D. Cal. Apr. 30, 2014). Finally, the Court notes that the interpreter travel costs requested in this case are minimal; the costs equal one hour at the interpreter's hourly rate. (*See* Appl. Ex. B at 10.)

The Court next turns to the interpreter's overtime expenses. While there are no cases specifically establishing whether overtime for interpreters may be taxed, the Court is guided by the principle of reasonableness. Here, the Bill of Costs includes two hours of overtime for a total cost of $450. (*Id.* at 6, 8.) The hourly fee for these two hours ($225) is only slightly more than the interpreter's normal hourly rate. (*Id.*) Moreover, the overtime expenses make up less than ten percent of the overall cost of the interpretation services expended during the pendency of this case. Therefore, the Court taxes the overtime costs.

b. <u>Deposition Exhibits</u>

Plaintiff argues that the costs associated with the transcription of exhibits should not be taxed because the documentation attached to Defendant's application

---

[3] Neither party disputes that an interpreter was necessary for the three depositions.

6

does not establish that the exhibits comply with Local Rule 54-3.5. (Mot. 5.) This local rule permits only the recovery of expenses for "copying or reproducing exhibits used at the deposition and made part of the deposition transcript." L.R. 54-3.5.

The receipts from TSG Reporting ("TSG") indicate only that it made copies of the deposition exhibits and not whether the exhibits were "used" or "made part of the deposition transcript." (*See* Appl. Ex. B at 5, 7, 9, 11, 12, 13.) While Defendant's attorney submitted a declaration indicating that the ninety-four pages in the TSG bill relating to Mary Chuang's deposition were actually marked at the corresponding deposition, she has not submitted a similar declaration relating to the other depositions for which Defendant seeks reimbursement. (Landis Decl. ¶2, ECF No. 212.) Therefore, the Court finds it appropriate to tax exhibit copying costs related to Mary Chuang's deposition but not the remaining deposition exhibit copying costs. *Shum v. Intel Corp.,* 682 F.Supp.2d 992, 998 (N.D. Cal. 2009) ("A district court may reduce costs . . . which are not supported by adequate documentation.") Simplified, this means that the Court removes $25.90 in exhibit copying costs for the first deposition of Thomas Lin, $45.70 for the second deposition of Thomas Lin, $302.75 for the deposition of Walter Bratic, $20.50 for the deposition of Martin Kaliski, and $466.45 for the second deposition of Martin Kaliski for a total deduction of $861.30.[4] (*See* Appl. Ex. B at 5, 7, 9, 11, 12, 13.)

2. Certification, Exemplification, and Reproduction of Documents

a. Physical Reproduction of Documents

The cost of a reproduction or copy may be taxed where it is "necessarily obtained for use in the case" regardless of whether it is actually introduced into the record or offered at trial. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 927 (9th Cir. 2015) (internal quotations omitted); *see also Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams*, Inc., 920 F.2d 587, 588 (9th Cir. 1990). However,

---

[4] As the Court eliminated the vast majority of exhibit copying costs, it declines to address Plaintiff's argument about the varying forms of exhibit copying that Defendant employed. (Mot. 6.)

such expenses must be sufficiently described and quantified (usually on a per page cost basis). *See Ancora Techs., Inc. v. Apple, Inc.*, No. 11-CV-06357 YGR, 2013 WL 4532927, at *2 (N.D. Cal. Aug. 26, 2013); *see also Shum,* 682 F.Supp.2d at 998.

Plaintiff argues that Defendant should not be allowed to recover $3414.54 for the cost of copies used in preparation of its witnesses for deposition and $4,423.85 for the cost of copies used in the examination of adverse witnesses. (Mot. 7.) The Court disagrees. Though neither of the parties has supplied the Court with a case specifically examining whether such fees are taxable, the Court finds that witness preparation and examination are inherent parts of the litigation process, and thus documents made for those purposes are necessarily obtained for use in the case.

The Court recognizes, as Plaintiff does in its motion, that at first glance the copying expenses appear to indicate that tens of thousands of pages were copied for these purposes. However, a closer examination of the invoices reveals that while there were over a thousand documents copied, the vast majority of the expense comes from color copying (black and white copies were charged at a rate of $.08-.12 per page, while color copies were charged at a rate of $.45-65 per page).[5] (Appl. Ex. D.) Taking this fact into account, the Court finds that, overall, the copying expenses claimed are reasonable for the preparation of five witnesses and examination of five adverse witnesses. *Id.* (finding that the taxation of 5,000 copies was reasonable for a three-year long case). The Court also finds that the costs are sufficiently described in the documents supporting the application for costs. (Appl. Ex. D.) Therefore, the Court upholds the Clerk's determination.

---

[5] The Court refuses to engage in a page by page analysis of the documents to determine whether the extra expense for color copying was warranted and instead relies on the representations of Plaintiff's counsel that the expenses were necessarily incurred. *Meier v. United States*, No. C 05-04404 WHA, 2009 WL 982129, at *2 (N.D. Cal. Apr. 13, 2009) (declining to require copy-by-copy documentation and accepting the prevailing party's identified copying costs as "necessarily incurred").

### b. Electronic Discovery

Costs associated with the production of electronic copies are taxable so far as the copies are "obtained for use in the case." *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 925-928; *see also eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *4-5 (N.D. Cal. Apr. 5, 2013). Plaintiff argues that the minimum charge for creation of a production module, the charge associated with creating the DAT file, the "email service charge," and the "labor charge for editing" are not taxable as these expenses were not directly incurred in the copying process. (Mot. 9.)

The Court disagrees with Plaintiff as to the minimum charges for production modules. The receipts indicate that until the number of pages in a module reaches several thousand, the e-discovery vendor prices its document production service by the module (set of documents) instead of by the page. (Appl. Ex. E.) Plaintiff contends that modules should have been combined in order to take advantage of the per page pricing. (Mot. 9.) However, Plaintiff provides no evidence that the modules could have *actually* been combined in this manner while maintaining the integrity and organization of each module or that the e-discovery vendor would have been amenable to such an arrangement. Thus, the Court finds these copying costs taxable.

The Court also disagrees with Plaintiff as to the DAT costs. As Defendant correctly points out, the parties agreed that the e-discovery files would be put into a DAT format. (Joint Agreement 2-5, ECF No. 20.) Inherent in this agreement is the understanding that labor might be needed to conform the documents to the agreed-upon format. The Court therefore finds the itemized expenses related to DAT creation taxable. *See Ancora Techs., Inc. v. Apple, Inc.*, 2013 WL 4532927, at *2 (finding e-discovery costs taxable where they were incurred pursuant to an e-discovery agreement between the parties); *see also Jardin*, 2011 WL 4835742, at *6 (holding that expenses associated with formatting TIFF files were taxable).

Finally, the Court upholds the other contested e-discovery costs. (Mot. 9.) Costs, including personnel expenses, related to the production of electronic copies are recoverable. *See Jardin*, 2011 WL 4835742, at *9 (finding that costs related to the production of electronic copies are taxable and specifically allowing recovery for the cost of a project manager to oversee the electronic copying process); *see also Tibble v. Edison Int'l*, No. CV 07-5359 SVW AGRX, 2011 WL 3759927, at *8 (C.D. Cal. Aug. 22, 2011) (implying that the complexity of electronic production may necessitate awarding additional costs not traditionally associated with the production of paper copies). Thus, the editing of a PDF is taxable, as it is a service performed to facilitate the production of the requested electronic copies. The Court also allows recovery of the "email service charge." Other courts have allowed shipping costs related to the mailing of physical documents; the emailing of electronic files is merely the equivalent for electronic documents. *See In re Ricoh Co., Ltd. Patent Litig.*, No. C 03-02289 JW, 2010 WL 8961328, at *5 (N.D. Cal. Sept. 29, 2010) (citing *Ishida Co. v. Taylor*, No. C-02--1617-JR PVT, 2004 WL 2713067, at *1 (N.D. Cal. Nov. 29, 2004).

c. Miscellaneous Costs

Plaintiff also asserts that the costs Defendant seeks for tabs, envelopes and other similar expenses are not taxable. (Mot. 8.) However, this argument is misplaced. As Defendant properly notes, these expenses were necessarily incurred to satisfy the Local Rules and the Court's standing order. *See* L.R. 5-4.5, 11-3, 11-5.2, 11-5.3, 79-5. The descriptions included with Plaintiff's Application show that these costs were restricted to court filings. (Appl. Ex. D.) Therefore, the Court does not alter the Clerk's previous determination with regard to these costs.

## V. CONCLUSION

After thoroughly considering Plaintiff's motion and reply and Defendant's opposition to the motion, the Court **GRANTS** Plaintiff's motion as to costs associated with the exhibit copying discussed above and **DENIES** Plaintiff's motion as to the

remaining objections to the Clerk's Bill of Costs. Accordingly, the Court orders Plaintiff to pay $40,803 less the reductions discussed above ($861.30) for a total of $**39,941.70**.

**IT IS SO ORDERED.**

September 30, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**